**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-10092

_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

          VERSUS

          PETER AJAEGBU,

                              Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-637)
_____

December 4, 1998

Before KING, JONES, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Peter Ajaegbu sues for the recovery of possessions purportedly taken from him or damaged by Drug Enforcement Administration ("DEA") agents pursuant to a lawful search and arrest. The district court found that Ajaegbu's recovery claim was frivolous and that his damages claim was barred by governmental immunity. We affirm the former determination but vacate and remand the latter.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The seizure resulted from Ajaegbu's lawful arrest, resulting in a conviction that was affirmed on appeal. See *United States v. Ajaegbu*, 46 F.3d 66 (5th Cir. 1995) (unpublished). While his appeal was pending, Ajaegbu filed a *pro se* motion for writ of mandamus for the return of property, requesting the return of items seized when he was arrested, namely: a Mercedes-Benz car; family photographs; and a briefcase containing "valuable personal documents." Although the motion was referred to a magistrate judge, the order of reference and the motion were not sent to the magistrate judge, so Ajaegbu filed a second request for the return of his property. The district court construed this as a motion made pursuant to FED. R. CRIM. P. 41(e) and ordered the government to respond.

The government argued that the district court lacked subject matter jurisdiction over Ajaegbu's claim regarding the car because Ajaegbu was not the registered owner, and because the government (that is, the DEA) no longer had possession of it. Although the DEA and the Dallas Police Department ("DPD") had seized the car jointly, the DEA had turned it over to the DPD after deciding that the car did not meet the requirements for an administrative forfeiture. The DPD in turn sold the car at public auction after its registered owner (Emanual Ibe) did not respond to the public notification or the certified letter mailed to him.

The government admitted to possessing the family pictures and briefcase and catalogued for the court the contents of the

2

briefcase: photographs; used airline tickets and receipts; telephone bills; bank statement receipts; canceled checks; and business cards. Upon order of the court, the government returned the briefcase to Ajaegbu.

The magistrate judge handling Ajaegbu's rule 41(e) motion recommended that it be denied. The magistrate judge agreed with the government that the court lacked subject matter jurisdiction over the car and determined that Ajaegbu's claim regarding the suitcase was moot.

The district court adopted the magistrate judge's findings and conclusions. Ajaegbu filed an "appeal" of the magistrate judge's report in which he argued that the DEA should have ensured that DPD contacted him about the return of his car. He acknowledged receiving his briefcase but asserted that it was damaged and that the following items were missing: $500 in gold coins; 93 family photos; and 12 "important Playboy magazines." He requested the return of these items and compensation for damage done to his briefcase's locks.

The district court denied the "appeal." We affirmed with regard to the car but remanded with regard to the briefcase and its contents. We instructed the district court to examine the following: (1) whether the DEA had returned all of the contents of Ajaegbu's briefcase; (2) whether the briefcase was returned to Ajaegbu in a damaged condition; and (3) if the briefcase was so damaged, whether Ajaegbu is entitled to damages.

On remand, the magistrate judge submitted to Ajaegbu a

3

questionnaire asking him to catalogue the items allegedly missing from his briefcase.  Ajaegbu came up with the following list:

1.   one 14k 24" gold chain;
2.   one 18k gold bracelet;
3.   one Raymond Weils watch;
4.   one gold Omega watch;
5.   three computer disks containing business ventures;
6.   fifty Nigerian pre-independence shillings;
7.   twenty Nigerian pre-independence six pence;
8.   twenty five Nigerian pre-independence three pence;
9.   five Nigerian pre-independence 10-pound notes;
10.  assorted Biafrain currency; and
11.  assorted pictures of Ajaegbu's great grandparents.

The magistrate judge recommended that Ajaegbu's claim for the return of his property be denied.  Applying the equitable doctrine of laches, the magistrate judge found Ajaegbu's claim barred because of his delay in seeking the return of the aforementioned property.  Alternatively, the magistrate judge recommended that Ajaegbu's claim be dismissed as frivolous for two reasons:  One, Ajaegbu could seek money damages only for items unavailable to be returned, and a claim for money damages would be barred as untimely under the Federal Tort Claims act because Ajaegbu had not given any written notification to the United States; and two, it was "inconceivable and patently incredible" to believe that Ajaegbu would have not disclosed the additional missing items earlier.  With regard to the broken lock, the magistrate judge found that the United States had not waived its sovereign immunity, thereby precluding Ajaegbu's recovery.  The district court adopted the magistrate judge's findings and conclusions.

4

II.

A.

The district court's conclusion that Ajaegbu's claim was barred by laches is error. While the court was correct in assuming that equitable principles apply to actions based on rule 41(e), *see Industrias Cardoen, Ltda. v. United States*, 983 F.2d 49, 51 (5th Cir. 1993), it was incorrect in its application of the laches defense.

"A defense of laches has three elements: '(1) delay in asserting a right or claim; (2) that the delay was inexcusable; [and] (3) that undue prejudice resulted from the delay.'" *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998) (citation omitted). The magistrate judge never found that Ajaegbu's delay unduly prejudiced the government, nor does the government claim prejudice on appeal. Indeed, it is difficult to conceive of how the delay could have prejudiced the government: If, during the passage of time, the government had disposed of the property, Ajaegbu would no longer have a claim against the government. *See* Peña v. United States, 157 F.3d 984, 986 (5th Cir. 1998). For this reason, the defense of laches could not serve as a ground for dismissal of Ajaegbu's claim.

B.

The magistrate judge found Ajaegbu's claims to be factually frivolous and, specifically, "inconceivable and patently incredible." He disbelieved Ajaegbu's listing of allegedly seized

5

property, noting that Ajaegbu did not list the expensive jewelry and other items until long after he first filed his claim. The high probability of brazen opportunism engendered by this fact was simply too much for the magistrate judge to accept.

The pertinent statute provides, in part, that "[t]he court . . . may dismiss the case . . . if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1994).[1] A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *Neitzke*, the Court distinguished a § 1915(d) dismissal from a dismissal under FED. R. CIV. P. 12(b)(6) by observing that the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, *490 U.S.* at 327.

While reaffirming the "clearly baseless" condition, the Court in *Denton v. Hernandez*, 504 U.S. 25 (1992), further refined the factual frivolousness standard. Although a complaint may not be dismissed simply because the court thinks the allegations unlikely, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton,* 504 U.S. at 33.

---

[1] This provision was recodified, and added to, by the Prison Litigation Reform Act of 1996 ("PLRA"). The recodification does not materially alter the language of § 1915(d).

Recognizing the superior competence of district courts in handing down particularized judgments, the Court refused to proffer any more precise a definition:

> [W]e are confident that the district courts, who are "all too familiar" with factually frivolous claims, are in the best position to determine which cases fall into this category. Indeed, the statute's instruction that an action may be dismissed if the court is "satisfied" that it is frivolous indicates that frivolousness is a decision entrusted to the discretion of the court entertaining the *in forma pauperis* petition.

*Id.* (citation omitted). Thus, the Court held, appellate courts should review § 1915(d) dismissals only for abuse of discretion. *Id.; Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

The Court provided the following factors as relevant to reviewing a dismissal based on factual frivolousness: (1) whether the court inappropriately resolved genuine issues of disputed fact (citing to the language repeated above); (2) whether the court has provided a statement explaining the dismissal that facilitates "intelligent appellate review"; and (3) whether the dismissal was with or without prejudice. *Denton*, 504 U.S. at 34. An analysis of these factors leads us to affirm here.

First, the magistrate judge appropriately resolved the genuine issues of disputed fact. The central disputed fact is whether the DEA seized the items Ajaegbu claims to have had taken from him during his arrest. The magistrate judge dismissed the action based on factual frivolousness because he found the allegations to be "inconceivable and patently incredible." This comports with *Denton*'s assertion that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of . . . the

7

wholly incredible."

Second, the magistrate judge's report supplies this court with a statement explaining the dismissal, thus facilitating "intelligent appellate review." In addition to providing the reasons for his legal conclusions, the magistrate judge supplied sound reasons for his factual finding of frivolousness. These included Ajaegbu's failure to mention expensive items until years after litigation had begun and the fact that the DEA had no record of the disks supposedly left in the briefcase. Additionally, the magistrate judge considered the possibility of bringing competent witnesses to support Ajaegbu's claims and demonstrated why this possibility is null.

Third, we must deem the dismissal to be with prejudice. Neither the magistrate judge's recommendation nor the district court's order adopting it states whether the dismissal was with or without prejudice. When a court is silent on this issue, however, *Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc), requires us to deem the dismissal to be with prejudice. Because the dismissal with prejudice deprives Ajaegbu of the ability to amend, we must address whether it "appears that frivolous factual allegations could be remedied through more specific pleading." *Denton*, 504 U.S. at 34.

It is doubtful that more specific pleadings could negate the frivolousness of Ajaegbu's claims. While he could attempt to explain away his tardiness in reporting valuable items, it is difficult to fathom any explanation that would reduce the suspicion

of opportunism. For example, in his appellate brief, Ajaegbu states that he failed to list the valuable items earlier in the litigation because of his "ignorance of the procedure." But this does not explain why he failed to list the expensive jewelry along with the other items he specified in his objections to the magistrate judge's recommendation ("gold coins what of [sic] $500.00, 93 family pictures and 12 important Playboy magazines").

In sum, the district court did not abuse its discretion in dismissing this action as factually frivolous. In describing Ajaegbu's story as "inconceivable and patently incredible," the recommendation reveals that the magistrate judge considered Ajaegbu's claims "clearly baseless." This adopted recommendation gives sensible reasons for his conclusion.


III.

No one disputes that DEA agents damaged Ajaegbu's briefcase. While sovereign immunity protects the United States from liability for this damage, it does not preclude a *Bivens* action against the individual officers involved. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Because Ajaegbu was a *pro se* litigant, the district court should have allowed him to proceed with a *Bivens* action. *See Peña*, 157 F.3d at 987.

Accordingly, the judgment of dismissal is AFFIRMED as to all property except the briefcase, as to which the judgment is VACATED and REMANDED.